1    JONATHAN B. SOKOL (SBN 131806)
     JSokol@GreenbergGlusker.com
2    GREENBERG GLUSKER FIELDS CLAMAN
     & MACHTINGER LLP
3    1900 Avenue of the Stars, 21st Floor
     Los Angeles, California  90067-4590
4    Telephone:  310.553.3610
     Fax:  310.553.0687
5
     Attorneys for Plaintiffs Gamet Enterprises, LLC,
6    Team Equipment, Inc. and Bell Hop Cleaners
     of California, Inc.
7

8                  UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

|  |  |
|---|---|
| In re: | **SACV11 - 1992 DMG** |
| U.S. DRYCLEANING SERVICES CORPORATION, | Case No. 8:10-BK-12735 RK |
|  | Chapter 11 |
| Debtors and Debtors in Possession. | Adv. No. 8:10-ap-01469 RK |
|  | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING** |
| TEAM EQUIPMENT, INC., a California corporation; BELL HOP CLEANERS OF CALIFORNIA, INC., a New Mexico corporation, GAMET ENTERPRISES, LLC, a New Mexico limited liability company, | |
|        Plaintiffs, | |
|    v. | |
| U.S. DRY CLEANING SERVICES CORPORATION, a Delaware corporation, dba U.S. DRY CLEANING CORPORATION, et al. and DOES 1 through 50, inclusive, | |
|        Defendants. | |

83563-00005/1807045.2

## I.      **INTRODUCTION**

Pursuant to 28 U.S.C. §157(d), F.R.B.P. 5011 and LBR 5011-1, Plaintiffs Team Equipment, Inc., Bell Hop Cleaners of California, Inc. and Gamet Enterprises, LLC (collectively, "Plaintiffs" or "Team") seek an order from this Court withdrawing the automatic reference of Plaintiffs' adversary complaint against the Debtors and certain of their directors and officers (the "Individual Defendants") to the Bankruptcy Court.  Cause exists to withdraw the reference based on the recent partial settlement of certain of Plaintiffs' claims entered into between Plaintiffs and the Debtors and Individual Defendants that has been approved by the Bankruptcy Court.  As a result of the partial settlement, there are no longer any core bankruptcy issues that remain to be decided by the Bankruptcy Court in order to resolve Plaintiffs' remaining securities-related claims against the Debtors and the Individual Defendants.

Resolution of this adversary proceeding on the merits now depends entirely on principles of state law.  The outcome of this proceeding is no longer dictated or effected, directly or indirectly, by bankruptcy law.  As non-core issues control the resolution of this action, the efficient use of judicial resources dictates that the referral of this adversary proceeding be withdrawn and this matter be assigned to a district judge for all further proceedings.

This motion is unopposed.  The Debtors and Individual Defendants named as defendants in Plaintiffs' adversary complaint have stipulated to transfer this adversary proceeding to the District Court as part of a recent partial settlement approved by the Bankruptcy Court.  Sokol Decl., Ex. 1.

## II.     **BACKGROUND AND PROCEDURAL HISTORY**

A.      The Sale of Team's Dry Cleaning Business.

Plaintiffs were a family-owned dry cleaning business who owned 21 dry cleaning stores in California and Arizona.  In February 2008, plaintiffs sold their dry cleaning business to Debtor and Defendant U.S. Dry Cleaning Corporation ("USDC"), a publicly

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2

1    traded company.  USDC purchased the dry cleaning stores through two subsidiaries,

2    Debtors and Defendants USDC Fresno, Inc. and USDC Fresno 2, Inc.

3        Just before the sale was set to close in 2008, USDC requested that Plaintiffs take

4    back a convertible note for a portion of the purchase price as part of a larger private

5    placement financing that USDC was engaged in at the time.  Plaintiffs were provided with

6    a private placement memorandum and various other offering documents describing the

7    nature of the investment and the security for the notes given to investors.  Based on these

8    written materials and other oral representations made to Plaintiffs about the security for

9    the investment, Plaintiffs agreed to take back two convertible notes as part of the purchase

10   price for the sale of Plaintiffs' business.  USDC thereafter gave two promissory notes (the

11   "Notes") to Plaintiffs totaling $1,635,540.

12       The Notes were guaranteed by the operating subsidiaries of USDC - - Debtors and

13   Defendants Steam Press Holdings, Inc, Cleaners Club Acquisition Sub, Inc. and USDCC

14   CVC Merger Sub, LLC.  In addition, the Notes were secured by a pledge of all of the

15   assets of the Debtors pursuant to a separate security agreement.  The Notes were also

16   guaranteed by personal guarantees of two of the principals of USDC - - individual

17   defendants Robbie Lee and Riaz Chauthani.

18       The Notes were issued as convertible debt securities (i.e., they could be converted

19   to common stock of USDC).  Pursuant to the offering documents, USDC represented that

20   the Notes were secured in a first position as senior secured debt of USDC and that, subject

21   to certain exceptions not applicable here, any subsequent debt incurred by USDC would

22   be subordinate to Plaintiffs' first lien position.  USDC also represented that that it had

23   engaged Mercer Capital (its investment bankers who put the private placement

24   fundraising deal together) as the collateral agent for all the note holders (the "Mercer

25   Notes or Mercer Note holders") to ensure that the Notes were properly secured by all

26   assets of USDC.

27       The bulk of the Mercer Notes were issued in our about December of 2007.  The

28   Notes issued to Plaintiffs in February 2008.  By that time there had been a falling out

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2

1   between Mercer and USDC (apparently because USDC did not pay Mercer) and contrary

2   to the express representations made in the offering documents, Mercer was not acting as

3   collateral agent and had not filed UCC-1's or taken any other action to perfect the security

4   interests.

5       In or around April 2009, USDC defaulted on its payments under the Notes.  At that

6   same time, Plaintiffs discovered for the first time that no financing statements had been

7   filed and that their security interests in the Notes had not been perfected.  Plaintiffs also

8   discovered that defendant Lester E. Taylor, Jr., acting through a series of entities

9   (defendants Setal 1, Setal 2, Setal 3, Setal 4, Setal 5 and Setal 6) had made a series of

10  loans aggregating over $10 million to USDC and had taken a first lien position in breach

11  of the provisions of the Notes and contrary to representations in the offering documents

12  that Plaintiffs would hold a first lien position.[1]

13      B.      The Prior State Court Action.

14      After numerous broken promises by USDC to resolve their default under the Notes,

15  plaintiffs filed an action in state court in Fresno (Case No. 09CECG04382) (the "Prior

16  State Court Action") in December 2009 to enforce the Notes and to obtain possession of

17  plaintiffs' collateral (the assets of Fresno 1 and Fresno 2).  Just before the hearing to

18  obtain possession of the collateral, Plaintiffs and USDC reached a settlement of the Prior

19  State Court Action wherein, pursuant to a Master Agreement and a Management and

20  Operating Agreement, the Debtors agreed to transfer control and possession of all the dry

21  cleaning stores and assets of Fresno 1 and Fresno 2 to plaintiffs who would operate the

22  stores until the Notes were paid in full.  At that time, the stores would be returned to

23  USDC.  As part of the settlement, the Prior Action was dismissed without prejudice.

24      C.      The State Court Action.

25      The defendant Debtors had a number of other obligations under the Master

26  Agreement and the Management Agreement that they subsequently failed to perform.

27  ────────────

28  [1] Plaintiffs have dismissed their claims against Taylor and the Setal entities as part of the recent
    partial settlement approved by the Bankruptcy Court.

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2

1   Plaintiffs filed another complaint against the Debtors and the Individual Defendants in

2   state court in Fresno on February 16, 2010 (Case No. 10CECG00557) (the "State Court

3   Action") and set a TRO hearing for February 18, 2010.  On that same day, the state court

4   granted the TRO and issued an Order to Show Cause re Preliminary Injunction enjoining

5   further breaches of the Master Agreement and the Management Agreement.  On March 3,

6   2010, Plaintiffs filed a first amended complaint in the State Court Action adding the Setal

7   parties as defendants.  On March 4, 2010, the state court entered the Order and

8   Preliminary Injunction, which, among other things, enjoined the Debtors and Individual

9   Defendants from interfering with Plaintiff Gamet's possession, control and management

10  of the business operations of Defendants Fresno 1 and Fresno 2.

11          D.     The U.S. Dry Cleaning Bankruptcy Case.

12          On March 4, 2010, the same day that the State Court entered the Preliminary

13  Injunction, the defendant Debtors filed a voluntary petition for relief under Chapter 11 of

14  the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., in the United States Bankruptcy Court for

15  the Central District of California, Santa Ana Division.  On or about July 23, 2010, the

16  Setal Defendants removed Plaintiffs' State Court Action ("Plaintiffs' Adversary

17  Proceeding") to the United States Bankruptcy Court for the Eastern District of California,

18  Fresno Division pursuant to 28 U.S.C. §1452(a).  On September 16, 2010,  the

19  Bankruptcy Court in Fresno granted the Setal Defendants' Motion to Transfer Venue (Doc

20  #1) and transferred Plaintiffs' Adversary Proceeding (No. 8:10-ap-01469) to the

21  Bankruptcy Court in Santa Ana, where it is currently pending before the Hon. Robert N.

22  Kwan, United States Bankruptcy Judge.  The Debtors thereafter filed a related adversary

23  proceeding (Adv. No. 8:10-ap-01459-RK) against Plaintiffs, alleging claims for turnover

24  of alleged property of the Debtors' estates, avoidance of alleged preferences and other

25  related claims (the "Debtors' Adversary Proceeding").

26          E.     The Partial Settlement Between the Parties

27          In March 2011, the Parties reached a partial settlement (the "Settlement

28  Agreement") of certain of Plaintiffs' claims and with respect to the Debtors' Adversary

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2

1   Proceeding, which was thereafter approved by the Bankruptcy Court (Doc 736).  The

2   Settlement Agreement was contingent on, among other things, the confirmation of the

3   Debtors' proposed plan of reorganization (the "Plan").  On or about September 23, 2011,

4   the Bankruptcy Court entered the Order Confirming the Plan (Doc 769).

5          The terms of the Settlement Agreement include the following:

6          1.      Plaintiffs have agreed to limit the enforcement of any judgment obtained in

7   connection with their Retained Claims in the Adversary Proceeding (as defined in the

8   Settlement Agreement) against the Chapter 11 Debtors and/or the Individual Defendants

9   solely to the proceeds of the applicable Directors and Officers (D&O) Insurance Policy

10   and/or any other applicable insurance policy of the Chapter 11 Debtors.

11          2.      Plaintiffs have dismissed their claims against the Setal Defendants with

12   prejudice (Doc 53).

13          3.      The Debtors' Adversary Proceeding has been dismissed with prejudice

14   (Doc18).

15          4.      The Parties have stipulated that there are no longer any core bankruptcy

16   issues that need to be decided by the Bankruptcy Court in order to resolve Plaintiffs'

17   Retained Claims against the Debtors and the Individual Defendants; and further that this

18   Adversary Proceeding may be transferred to the District Court (i.e., that the automatic

19   reference of this adversary proceeding to the Bankruptcy Court may be withdrawn).

20          Sokol Decl., Ex. 2.

21

22   F.     The Retained Claims Against the Debtors and Individual Defendants.

23          Plaintiffs' operative claims in this Adversary Proceeding are currently set forth in

24   their Second Amended Complaint (Doc. 25), filed on March 29, 2011 - - before

25   consummation of the partial Settlement Agreement.[2]  (Sokol Decl., Ex. 3).  Pursuant to the

26   terms of the Settlement Agreement, the Parties have agreed that Plaintiffs shall file a

27   _____

28   [2] By extensions approved by the Bankruptcy Court, the Defendants named in the Second
Amended Complaint have not yet responded to the complaint.

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2

1    Third Amended Complaint, asserting only "Retained Claims" as defined in the Settlement

2    Agreement (i.e., claims that were not released by Plaintiffs under the Settlement

3    Agreement).  The Settlement Agreement defines Plaintiffs' Retained Claims in Paragraph

4    11 as follows:

5          "11.    The Gamet Parties shall retain all claims for damages against the Chapter 11

6    Debtors and the Individual Defendants arising out of or relating to the Notes and debt

7    securities given by certain of the Chapter 11 Debtors to the Gamet Parties (other than

8    those claims asserted against the Guarantors and claims against Setal), whether known or

9    unknown, whether presently alleged in the Gamet Adversary Proceeding or not alleged,

10   including, but not limited to, those claims for damages set forth in the Eighth through

11   Eleventh Causes of Action in the Second Amended Complaint (the "Retained Claims"),

12   but agree, subject to the conditions above, to limit the enforcement of any judgment or

13   award obtained in connection with the Retained Claims against the Chapter 11 Debtors or

14   the Individual Defendants solely to the proceeds of the D&O Insurance Policy (and/or any

15   other applicable insurance policy of the Chapter 11 Debtors) and further covenant not to

16   enforce any judgment or award on account of any Retained Claim against any assets of

17   the Debtors, the Reorganized Debtors or the Individual Defendants, or any of their assets,

18   and will only seek to recover on the Retained Claims from the proceeds of the D&O

19   Insurance Policy (or any other applicable insurance policy of the Chapter 11 Debtors)."

20         Sokol Decl., Ex. 2.

21         The Retained Claims asserted in the Eighth through Eleventh Causes of Action in

22   the Second Amended Complaint allege securities-related claims against Defendants under

23   California Corporations Code sections 25401 and 25501 for false and misleading

24   statements and common law claims for negligent misrepresentations to Plaintiffs in

25   connection with the sale of the subject debt securities to Plaintiffs.   (Sokol Decl., Ex. 3).

26   **III.    THE REFERENCE SHOULD BE WITHDRAWN**

27         28 U.S.C. Section 157 governs the District Court's authority to withdraw the

28   reference to the Bankruptcy Court.  Section 157(d) provides, in relevant part: "The district

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

1  court may withdraw, in whole or in part, any case or proceeding referred [to the

2  bankruptcy court] on its own motion or on timely motion of a party, for cause shown."

3  "In determining whether cause exists, a district court should consider the efficient use of

4  judicial resources, delay and costs to the parties, uniformity of bankruptcy administration,

5  the prevention of forum shopping, and other related factors." <u>Security Farms v. Int'l Bhd.</u>

6  <u>of Teamsters, Chauffeurs, Warehousemen & Helpers</u>, 124 F.3d 999, 1008 (9th Cir. 1997).

7  A district court should also take into consideration whether the matter depends on

8  bankruptcy law for its existence or whether the outcome is dependent on non-bankruptcy

9  law.  <u>Id</u>.  See, also <u>Certain Underwriters at Lloyd's London v. Totem Agencies, Inc.</u>, 2004

10  U.S. Dist. LEXIS 28183, slip op. at 5 (D. Alaska 2004). Each of these factors supports

11  withdrawal of the reference of this adversary proceeding to the Bankruptcy Court.

12      First and foremost, the resolution of Plaintiffs' retained securities-related claims

13  against Defendants depends on principles of state law.  The outcome of this case is not

14  dictated or effected, directly or indirectly by bankruptcy law.

15      Efficiency would also enhanced by withdrawing the reference because non-core

16  issues control the resolution of Plaintiffs' remaining securities-related claims against

17  Defendants. As discussed by the Ninth Circuit in <u>Security Farms</u>, <u>supra</u>, "[i]nasmuch as a

18  bankruptcy court's determinations on non-core matters are subject to *de novo* review by

19  the district court, unnecessary costs could be avoided by a single proceeding in the district

20  court." 124 F.3d at 1009.

21      The would be no undue delay or increased costs to the parties by withdrawal of the

22  reference.  As preliminary matter, the parties have stipulated to a transfer of this case to

23  the district court.  Moreover, this case is not at issue and is just getting started. The case is

24  still at the pleading stage.  Defendants have not yet answered the complaint.  No motions

25  have been filed.  No discovery has been taken.

26      This is also not a case of forum shopping.  The parties have stipulated to the

27  withdrawal of the reference and the transfer of this proceeding to the District Court.

28

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully submit that that District Court should withdraw the reference and assign this case to a district judge for all further proceedings.

DATED:  December 28, 2012

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
Jonathan B. Sokol (SBN 131806)
Attorneys for Gamet Enterprises, LLC,
Team Equipment, Inc. and Bell Hop
Cleaners of California, Inc.

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING

83563-00005/1807045.2