UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 11-01992 DMG**<br>**Bankruptcy Case No. 8:10-bk-12735-RK**<br>**Adversary Proceeding No. 8:10-ap-01469-RK** | Date | February 13, 2012 |
|---|---|---|---|

| Title | *In re:  U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING; ORDER TO SHOW CAUSE WHY THIS PROCEEDING SHOULD NOT BE REMANDED TO FRESNO COUNTY SUPERIOR COURT**

On December 29, 2011, Plaintiffs filed an unopposed motion to withdraw the reference of this adversary proceeding to the Bankruptcy Court [Doc. # 1].  District courts may withdraw a reference to the Bankruptcy Court, "in whole or in part . . . , on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors," *In re Ormsby*, 591 F.3d 1199, 1207-08 (9th Cir. 2010) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)), such as whether non-core issues predominate.  *Security Farms*, 124 F.3d at 1008.

Here, as discussed below, non-core issues predominate.  Therefore, the Court finds that cause exists to withdraw the reference.  Accordingly, Plaintiffs' motion to withdraw the reference is **GRANTED**.

Plaintiffs originally filed this proceeding against Debtor U.S. Dry Cleaning Services Corporation and other defendants in Fresno County Superior Court as case number 10CECG00557.  On March 4, 2010, Debtor filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California in the above-captioned case number.  On the same day, the Setal defendants removed the state court case to the United States Bankruptcy Court for the Eastern District of California pursuant to 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 11-01992 DMG**<br>**Bankruptcy Case No. 8:10-bk-12735-RK**<br>**Adversary Proceeding No. 8:10-ap-01469-RK** | Date | February 13, 2012 |
|---|---|---|---|
| Title | *In re:  U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 2 of 3 |

1452(a).  The Eastern District then transferred the case to the Bankruptcy Court for the Central District of California, where it was assigned the above-captioned adversary proceeding number.

At the time of removal from Fresno County Superior Court, the then-operative first amended complaint involved non-diverse parties and contained causes of action arising solely under state law.  The currently operative second amended complaint and proposed third amended complaint similarly involve only state law causes of action and non-diverse parties.  Thus, it appears that the only potential basis for federal jurisdiction over this matter is bankruptcy jurisdiction, 28 U.S.C. § 1334(b).

"Core" bankruptcy proceedings are those "that would not exist outside of bankruptcy, such as 'matters concerning the administration of the estate,' 'orders to turn over property of the estate,' and 'proceedings to determine, avoid, or recover preferences.'"  *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (quoting 28 U.S.C. § 157(b)(2)).  The instant adversary proceeding, which involves claims for violation of state securities laws, negligent misrepresentation, and negligence, clearly does not fall within the category of core bankruptcy proceedings.

Federal courts may also exercise jurisdiction over the much broader set of proceedings that are "related to" a bankruptcy case.  *Id*.  Proceedings are "related to" a bankruptcy case if

> *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*.  Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id*. (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) (emphasis in *Fietz*).

Where, as here, the bankruptcy court has already confirmed the debtor's reorganization plan, "jurisdiction is necessarily more limited than pre-confirmation jurisdiction."  *Id*. at 1194.  In such cases, the "essential inquiry" is "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter."  *Id*. (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 11-01992 DMG**<br>**Bankruptcy Case No. 8:10-bk-12735-RK**<br>**Adversary Proceeding No. 8:10-ap-01469-RK** | Date | February 13, 2012 |
|---|---|---|---|

| Title | *In re:  U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 3 of 3 |
|---|---|---|---|

*Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)) (internal quotation marks omitted).

      As Plaintiffs point out, "the resolution of Plaintiffs' retained securities-related claims against Defendants depends on principles of state law" and "[t]he outcome of this case is not dictated or effected, directly or indirectly by bankruptcy law."  (Mot. Memo. at 8 [Doc. # 3].)  Moreover, the parties' settlement agreement provides that none of Debtor's assets will be at issue in this proceeding.  (*See id*. (quoting Sokol Decl., Ex. 2 [Doc. # 4]).)  As the outcome of this adversary proceeding seemingly could not have any conceivable effect on the estate being administered in bankruptcy, it appears that bankruptcy jurisdiction no longer exists over this proceeding.  Although the Court understands that the parties have stipulated to proceeding before this Court, the parties cannot agree to confer jurisdiction upon this Court where none exists.  *See Guzman-Andrade v. Gonzales*, 407 F.3d 1073, 1077 (9th Cir. 2005) (citing *United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003)).

      Therefore, the parties are **ORDERED TO SHOW CAUSE** why this proceeding should not be remanded to Fresno County Superior Court for lack of subject matter jurisdiction.  The parties shall file their written responses on or before **February 23, 2012**.  *But see* C.D. Cal. L.R. 83-2.11 ("Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge . . . .").  Alternatively, the parties may discharge this Order by filing a stipulation to remand the proceeding.

**IT IS SO ORDERED.**