JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 11-01992 DMG<br>Bankruptcy Case No. 8:10-bk-12735-RK<br>Adversary Proceeding No. 8:10-ap-01469-RK | Date | April 30, 2012 |
|---|---|---|---|

| Title | *In re: U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING PROCEEDING TO FRESNO COUNTY SUPERIOR COURT**

      Plaintiffs lodged their proposed third amended complaint on February 6, 2012 [Doc. # 10]. On February 13, 2012, the Court granted Plaintiffs' unopposed motion to withdraw the reference of this adversary proceeding to the Bankruptcy Court and issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction [Doc. # 16]. The parties filed their respective responses on February 23, 2012 [Doc. ## 18, 19].

      Plaintiffs do not oppose remand to Fresno County Superior Court. Debtor and the other defendants maintain that the Court should not remand this action because the Court retains original bankruptcy jurisdiction, 28 U.S.C. § 1334(b), over the claims against Debtor and supplemental jurisdiction, 28 U.S.C. § 1367, over the claims against the other defendants. For the reasons discussed below, the Court finds that remand is appropriate.

      The parties stipulated to withdraw the reference to the bankruptcy court and proceed before this Court. Although transfer of a matter from the bankruptcy court to the district court does not itself implicate questions of subject matter jurisdiction," *Stern v. Marshall*, 131 S.Ct. 2594, 2607, 180 L.Ed.2d 475 (2011), the question remains whether bankruptcy jurisdiction still exists now that Debtor's reorganization plan has been confirmed. It is well-established that parties cannot stipulate to subject matter jurisdiction. *See, e.g.*, *United States v. Juvenile Male*, 595 F.3d 885, 894 (9th Cir. 2010) (*per curiam*).

      Defendants assert that the Court has original jurisdiction over Plaintiffs' claims against Debtor because the dispute in this adversary proceeding is "related to" the bankruptcy case. 28 U.S.C. § 1334(b). Proceedings are "related to" a bankruptcy case if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 11-01992 DMG<br>Bankruptcy Case No. 8:10-bk-12735-RK<br>Adversary Proceeding No. 8:10-ap-01469-RK | Date | April 30, 2012 |
|---|---|---|---|

| Title | *In re: U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 2 of 4 |
|---|---|---|---|

> *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) (emphasis in *Fietz*).

Where, as here, the bankruptcy court has already confirmed the debtor's reorganization plan, "jurisdiction is necessarily more limited than pre-confirmation jurisdiction." *Id.* at 1194. In such cases, the "essential inquiry" is "whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Id.* (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)) (internal quotation marks omitted).

Defendants maintain that this action is "sufficiently related to" the bankruptcy case to support bankruptcy jurisdiction because it would require the Court to analyze Debtor's confirmed plan in order to calculate damages:

> Plaintiffs' damages theory rests at least in part on the proposition that Defendants' alleged failure to perfect Plaintiffs' security interest in the Notes impaired Plaintiffs' bankruptcy claim in that they were treated as unsecured creditors. Plaintiffs, therefore, presumably will be calling upon this Court to compare the rights they *did* have in the Bankruptcy Proceeding with the rights they *would have had* were they treated as secured creditors. Such an analysis would necessarily require the Court to "interpret and construe" the Plan . . . .

(Defs.' Response at 6 (emphasis in original) (citing *Stone v. 350 Encinitas Investments, LLC (In re 350 Encinitas Investments, LLC)*, No. 06cv2085 WQH (POR), 2007 WL 2669546, at *7, 2007 U.S. Dist. LEXIS 66316, at *17-19 (S.D. Cal. Sept. 6, 2007)) [Doc. # 18].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 11-01992 DMG**<br>**Bankruptcy Case No. 8:10-bk-12735-RK**<br>**Adversary Proceeding No. 8:10-ap-01469-RK** | Date | April 30, 2012 |
|---|---|---|---|
| Title | *In re:  U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 3 of 4 |

In *Pegasus Gold*, the Ninth Circuit acknowledged the Third Circuit's statement that "matters affecting 'the *interpretation*, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus'" to the bankruptcy plan or proceeding to give rise to "related to" jurisdiction.  394 F.3d at 1194 (quoting *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)) (emphasis added).  *Pegasus Gold* did not uphold jurisdiction as to certain claims, however, merely because the claims required *interpretation* of the debtor's confirmed plan.  Significantly, both the claims at issue and the potential remedies "could affect the *implementation* and *execution* of the Plan itself."  *Pegasus Gold*, 394 F.3d at 1194 (emphasis added).

Moreover, the Ninth Circuit Bankruptcy Appellate Panel has rejected Defendants' position.  *See Cal. Franchise Tax Bd. v. Wilshire Courtyard (In re Wilshire Courtyard)*, 459 B.R. 416, 427 (9th Cir. BAP 2011) ("The bankruptcy court's reasoning that the parties' request that it 'interpret' the plan and confirmation order establishes the 'close nexus' to the bankruptcy case so as to confer related to subject matter jurisdiction is, in our view, flawed.").  The Bankruptcy Appellate Panel analyzed several relevant cases in concluding that "to find the requisite close bankruptcy nexus and establish post-confirmation jurisdiction in a chapter 11 case, the outcome of the issues before the bankruptcy court must potentially *impact* the debtor, the estate, or the implementation of the plan of reorganization."  *Id*. (emphasis added).  The Court finds *Wilshire Courtyard* to be persuasive on this issue and adopts its reasoning and conclusion.

Finally, the Court notes that Defendants' position in opposing remand starkly contrasts with its position in support of withdrawing the reference to the bankruptcy court:

> Resolution of this adversary proceeding on the merits now depends entirely on principles of state law.  The outcome of this proceeding is no longer dictated or effected [sic], directly or indirectly, by bankruptcy law.  As non-core issues control the resolution of this action, the efficient use of judicial resources dictates that the referral of this adversary proceeding be withdrawn and this matter be assigned to a district judge for all further proceedings.

(Memo. in Support of Mot. to Withdraw Reference at 2 [Doc. # 3].)

Case 8:11-cv-01992-DMG   Document 29   Filed 04/30/12   Page 4 of 4   Page ID #:1891

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 11-01992 DMG<br>Bankruptcy Case No. 8:10-bk-12735-RK<br>Adversary Proceeding No. 8:10-ap-01469-RK | Date | April 30, 2012 |
|---|---|---|---|
| Title | *In re: U.S. Dry Cleaning Services Corporation*<br>*Team Equipment, Inc., et al. v. U.S. Dry Cleaning Services*<br>*Corporation, et al.* | Page | 4 of 4 |

   Given that this adversary proceeding will not affect Debtor's confirmed plan, the Court finds that bankruptcy jurisdiction is lacking over Plaintiffs' claims against Debtor. To the extent the Court retains supplemental jurisdiction over Plaintiffs' claims against the defendants other than Debtor, the Court declines to exercise it. The Court has not invested significant resources on this adversary proceeding, which has only been here a short time. Moreover, as Defendants point out, "it would make no sense to split this matter into two separate actions before two different courts." (Defs.' Response at 8-9.)

   In light of the foregoing:

  1.  The Court deems Plaintiffs' proposed third amended complaint [Doc. # 10] filed as of February 6, 2012; and

  2.  This action is hereby **REMANDED** to Fresno County Superior Court.

**IT IS SO ORDERED.**


cc: United States Bankruptcy Court
   Santa Ana, Calfornia